THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-13

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>BRANDI LYNN SMITH, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Defendant's Remaining Supervised Release Term [Doc. 625].

On June 17, 2016, the Defendant pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. The Defendant was sentenced on December 8, 2016, to a term of 51 months of imprisonment, followed by three (3) years of supervised release. [Doc. 533].

The Defendant now moves the Court to exercise its discretion and terminate her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 625].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In the present case, the Defendant has completed only sixteen months of her three-year term of supervised release. While the Defendant's compliance with the terms and conditions of supervised release is commendable, the Court is not satisfied that termination is warranted at this time. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Defendant's Remaining Supervised Release Term [Doc. 625] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**   Signed: February 25, 2020

Martin Reidinger
United States District Judge